UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IGOR JOSE CORDEIRO FERREIRA,        *
                                    *
        Petitioner,                 *
                                    *
        v.                          *        Civil Action No. 1:26-cv-11278-IT
                                    *
ANTONE MONIZ, et al.,               *
                                    *
        Respondents.                *
                                    *

MEMORANDUM & ORDER

July 14, 2026

TALWANI, D.J.

This court previously granted Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] and ordered a bond hearing, finding that nothing in the record supported Respondents' contention that Petitioner had been detained pursuant to 8 U.S.C. § 1225, rather than 8 U.S.C. § 1226(a). See Mem. & Order [Doc. No. 9]. Petitioner subsequently filed a Motion for Immediate Release [Doc. No. 12], asserting that, at the court-ordered bond hearing, the Immigration Judge ("IJ") had improperly assigned the burden of proof to Petitioner to show that he was not a flight risk or danger to the community, rather than placing the burden on the government to show by clear and convincing evidence that he was. The court denied Petitioner's Motion [Doc. No. 12], declining to assess the IJ's weighing of the government's evidence. Elec. Order [Doc. No. 15].

On May 19, 2026, Petitioner filed the pending renewed Motion [Doc. No. 16], contending that counsel was afforded insufficient time to prepare for the bond hearing and review relevant evidence with Petitioner produced by Department of Homeland Security ("DHS") the morning of the bond hearing. Id. at ECF 2–3 [Doc. No. 16]. The evidence produced by the government consisted of an internal DHS record, Immigration Form 213, detailing Homeland Security

Investigation's ("HSI") arrest of Petitioner, see Pet.'s Resp. Ex. A [Doc. No. 19-1], filed the day prior to the bond hearing; and a police dispatch log and a Boston.com news article, see Pet.'s Resp. Ex. B [Doc. No. 19-2], filed the morning of the bond hearing, see Pet.'s Resp. to O.S.C. [Doc. No. 19]. On review of this evidence, the court finds that Petitioner had sufficient time to review those limited documents and DENIES Petitioner's renewed Motion [Doc. No. 16]. Based on those same documents, however, the court reconsiders its prior decision denying relief, see Elec. Order [Doc. No. 15], and on reconsideration, the court GRANTS Petitioner's original Motion [Doc. No. 12], where the IJ's determination that Petitioner posed a danger to the community was unsupported by clear and convincing evidence, as constitutionally required.[1]

The government raised two sets of allegations to show Petitioner's "danger to the community." First, the government contended that Petitioner was involved in an attempted burglary. As to this allegation, the government submitted a police dispatch record that notes a 911-call made on March 6, 2026, at 9:36 a.m., reporting a past forced entry into a home in Walpole, Massachusetts. Pet.'s Resp. Ex. B, at ECF 5 [Doc. No. 19-2]. The police dispatch record includes the names of the responding officers and refers to a report, but that report was not included in the

---

[1] The court joins other district courts in this circuit in finding habeas jurisdiction to consider the constitutionality of an IJ's custody determination. See, e.g., Atariguana-Buele v. Warden, Plymouth Corr. Facility, No. 26-cv-12168-LTS, 2026 WL 1825934, at *2–3 (D. Mass. June 25, 2026) (finding IJ's decision that detainee posed danger to community was unsupported by clear and convincing evidence, as constitutionally required); Reyes Vargas v. Warden, Plymouth Cnty. Corr. Facility, No. 26-cv-11740-AK, 2026 WL 1453510, at *3 (D. Mass. May 22, 2026) (holding district courts "may assess the constitutionality of an IJ's custody determination."); Massingue v. Streeter, No. 19-cv-30159-KAR, 2020 WL 1866255, at *4 (D. Mass. Apr. 14, 2020) (holding district courts may consider whether an IJ's bond hearing was in compliance with constitutionally mandated standards); Dos Reis v. Vitello, No. 25-cv-10497-RGS, 2025 WL 1043434, at *2 (D. Mass. Apr. 8, 2025) ("[A] court may intervene where an immigration bail determination is ultra vires or facially unconstitutional."); Miti v. Moniz, No. 26-cv-11327-BEM, 2026 WL 884639, at *1 (D. Mass. Mar. 31, 2026) ("District courts retain habeas jurisdiction to ensure that immigration bond hearings are conducted within constitutional bounds."); Garcia v. Hyde, 817 F. Supp. 3d 112, 123–24 (D.R.I. 2025) (holding district courts can assess constitutional adequacy of bond hearings).

government's submission. See id. The internal DHS record states that information provided by the Walpole, MA police department identified a 2010 white Toyota Prius, with MA license plate 5STK21 tagged by video camera on March 5, 2026, at 2:30 a.m. near the scene of the attempted home invasion reported on March 6, 2026. Pet.'s Resp. Ex. A, at ECF 4 [Doc. No. 19-1]. The internal DHS record states further that HSI "received information from a source of information that a man named 'Igor' who drove a white Toyota Prius was involved in an attempted home invasion on March 6, 2026, in Walpole, MA." Id. HSI encountered Petitioner while he was driving a white Toyota Prius with the same plate number as the car previously identified by Walpole police. Id. However, the DHS record states further that the car was registered to an unidentified individual, not Petitioner. Id.

Second, DHS contends that Petitioner "has been documented as an associate of Primeiro Comando da Massachusetts[,]" a local gang. Id. at ECF 5. To support this contention, DHS submitted a Boston.com news article, published March 11, 2026, describing an incident in which DHS detained a 14-year-old girl. Pet.'s Resp. Ex. B, at ECF 6 [Doc. No. 19-2]. In explaining DHS's reasoning in detaining the child, a DHS deputy assistant secretary for public affairs is quoted by the news article as asserting that the child was rescued from "suspected gang members[.]" Id. at ECF 7. The DHS official identified Petitioner as one of the child's alleged kidnappers and characterized him as a "suspected Primeiro Comando da Massachusetts gang member[]" connected to the "attempted home invasion in Walpole." Id.

The record is devoid of any information supporting DHS's characterization of Petitioner as a gang member.

In summary, at Petitioner's bond hearing, the government presented evidence that Petitioner drove a car, registered to another individual, that had been in the locale of an attempted home invasion, that DHS believes Petitioner to have been involved with that incident based on

information from an unidentified source, and that DHS believes that Petitioner is a gang member. This record fails to satisfy the "demanding standard" of clear and convincing evidence that Petitioner poses a danger to the community. United States v. Anonymous Appellant, 85 F.4th 576, 580 (1st Cir. 2023); see Cruzan by Cruzan v. Dir., Mo. Dep't of Health, 497 U.S. 261, 285 n.11 (1990) (clear and convincing evidence "produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." (citation omitted) (alteration in original). The IJ's denial of bond based on this record alone was legally deficient. See Miti, 2026 WL 884639, at *7–8.

Petitioner's Motion for Relief [Doc. No. 16] is therefore DENIED and Petitioner's Motion [to Enforce Habeas Order] [Doc. No. 12], upon reconsideration, is GRANTED as follows. No later than July 21, 2026, Petitioner must be provided a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). To meet its constitutional burden, the government must come forward with additional evidence supporting its contention that Petitioner's release would pose a danger to the community; unsupported assertions that Petitioner is a gang member and was involved in an attempted home burglary are not clear and convincing evidence. Any additional evidence upon which the government intends to rely must be provided to Petitioner's counsel sufficiently in advance of the hearing to allow counsel to meaningfully prepare.

IT IS SO ORDERED.

July 14, 2026                                                    /s/ Indira Talwani
                                                                 United States District Judge

4